IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID O. KEMP, P.C. D/B/A KEMP LYDICK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-CV-1745-N |
| NATIONWIDE AGRIBUSINESS INSURANCE CO., *et al.*, | § § § § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Defendant The Hartford Steam Boiler Inspection and Insurance Company's ("HSB") motion to dismiss [10] and Plaintiff David O. Kemp, P.C.'s ("Kemp") motion to dismiss HSB's counterclaim [18]. For the reasons that follow, the Court (a) grants HSB's motion and (b) grants in part and denies in part Kemp's motion.

### I. ORIGINS OF THE KEMP - HSB DISPUTE

Defendant Nationwide Agribusiness Insurance Co. ("Nationwide") insured a dog food plant where a boiler exploded. HSB reinsured Nationwide. Nationwide paid the plant under the terms of its policy and hired Kemp, an attorney, to assert a subrogation claim against HSB on Nationwide's behalf. After Kemp had allegedly performed substantial work on Nationwide's claim, HSB accepted reinsurance coverage and repaid Nationwide in full. HSB then allegedly instructed Kemp to turn over his research to HSB's counsel. Kemp alleges that Nationwide failed to pay him for services rendered.

Kemp sued Nationwide claiming breach of contract and alternatively, quantum meruit, and against HSB claiming unjust enrichment. Later, HSB moved to dismiss Kemp's claims against it, and Kemp moved to dismiss HSB's counterclaims of negligence, breach of implied warranty, breach of express warranty, breach of contract, and breach of the duties of good faith, fair dealing, care, trust, full disclosure, and loyalty, among other fiduciary duties.

## II. RULE 12(B)(6) STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face" – i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

As the Supreme Court observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true,

> we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [*Iqbal v. Hasty*,] 490 F.3d 143, 157-158 [(2d Cir. 2007)]. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949-50.

In ruling on a Rule 12(b)(6) motion, the Court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts, viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

### III. THE COURT GRANTS HSB'S MOTION TO DISMISS

#### *A. Kemp Does Not State an Unjust Enrichment Claim*

Some Texas authorities hold that a plaintiff cannot state a claim for unjust enrichment because it is not an independent cause of action under Texas law. *See, e.g.*, *Casstevens v. Smith*, 269 S.W.3d 222, 229 (Tex. App. – Texarkana 2008, pet. denied). Other Texas courts, including the Supreme Court of Texas, however, have suggested otherwise. *See, e.g.*, *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 682-86 (Tex. 2000) (upholding summary

ORDER – PAGE 3

judgment on some of plaintiff's unjust enrichment claims); *see also McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 828 (Tex. App. – Dall. 2010, pet. denied) (upholding trial court's grant of summary judgment on claims for both unjust enrichment and money had and received); *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367, 380-81 (Tex. App. – Dall. 2009, pet. denied) (discussing plaintiff's "unjust enrichment claim" and "elements" comprising such a claim); *accord Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 739 (N.D. Tex. 2008) (Godbey, J.) (noting that "it is unclear under Texas law whether unjust enrichment is an independent cause of action") (citations omitted).

Given this varied authority, some Texas courts have read claims for "unjust enrichment" as pleading an equitable common law claim for money had and received. *See, e.g.*, *London v. London*, 192 S.W.3d 6, 12-14 (Tex. App. – Hous. [14th Dist.] 2005, pet. denied) (where pro se plaintiff brought unjust enrichment claim, noting that "[a]n action for money had and received is an equitable doctrine that courts apply to prevent unjust enrichment." (citation omitted)). Indeed, the two claims are extremely similar. *See id.* (A claim for money had a received "is not premised on wrongdoing, but looks to the justice of the case and inquires whether the party has received money that rightfully belongs to another." (citation omitted)); *see also Staats v. Miller*, 243 S.W.2d 686, 687-88 (Tex. 1951) ("The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong. All plaintiff need show is that defendant holds money which in equity and good conscience belongs to him." (quoting 58 C.J.S. MONEY RECEIVED § 4a, at 913)). The Court thus refuses to dismiss Kemp's unjust enrichment claim solely on

the basis that some courts hold that it is not an independent cause of action. Under this varied history, the Court here chooses to analyze Kemp's claims under both the substantive unjust enrichment and money had and received standards.

A claim for unjust enrichment occurs when a defendant has wrongfully secured a benefit or has passively received one that it would be unconscionable to retain. *Tex. Integrated*, 300 S.W.3d at 367 (citing *Villareal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App. – San Antonio 2004, pet. denied)). The defendant must have obtained the benefit by fraud, duress, or the taking of an undue advantage. *Id.* (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)).

Likewise, a claim for money had and received arises when the defendant obtains money that in equity and good conscience belongs to the plaintiff. *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App. – El Paso 1997, no writ). Courts have wide latitude in considering a claim for money had and received. *See Staats*, 243 S.W.2d at 687-88 ("[A] cause of action for money had and received is 'less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which . . . belongs to the plaintiff.'" (quoting *United States v. Jefferson Elec. Mfg. Co.*, 291 U.S. 386, 402-03 (1934))). However, this does not mean that courts will uphold a claim where a plaintiff does not properly state one in the complaint.

In support of his purported unjust enrichment claim, Kemp alleges that "Nationwide . . . turn[ed] Kemp's claim under the fee agreement over to [HSB] to pay," and that "[i]n

ORDER – PAGE 5

accepting liability as reinsurer, [HSB] accepted the benefit of the legal services of Plaintiff Kemp, but has failed, and refused to pay for such services." Compl. ¶¶ 10-11. He states that HSB accepted his legal services by "knowingly accept[ing] all liability associated with its reinsurance treaty with Nationwide, including the obligations assumed by Nationwide pursuant to the terms of the Attorney Fee Agreement, and knowingly and directly accept[ing] the benefits of Plaintiff Kemp's work in obtaining the work product of Kemp, and the investigation files of Kemp, including, but not limited to the results of the investigative and legal work performed by Kemp." *Id.* at ¶ 18.

In this way, Kemp purports to argue that the benefit he conferred upon HSB was possession of his research, which supposedly established HSB's reinsurer liability. However, this cannot be so, as HSB points out, Kemp's work ultimately resulted in a *detriment* to HSB of exactly $750,000 – the amount it paid to Nationwide. Kemp conferred no benefit on HSB, as required under an unjust enrichment theory, and thus, his purported claim for unjust enrichment fails.[1] Similarly, Kemp has not alleged that HSB received money that is rightfully his. Thus, to the extent the Court interprets Kemp's unjust enrichment allegation as a money had and received claim, Kemp's claim also fails. Accordingly, the Court dismisses Kemp's purported unjust enrichment claim.

### B. The Court Dismisses Kemp's Request for a Declaratory Judgment

---

[1]Even if the Court were to have found that Kemp conferred a benefit on HSB, Kemp has still failed to allege that HSB obtained such benefit by fraud, duress, or undue advantage. Thus, Kemp's claim would also fail on this ground.

Because Kemp's request for declaratory judgment is based on his purported unjust enrichment claim, and because he has failed to state that claim, the Court dismisses Kemp's request for declaratory judgment.[2]

### IV. THE COURT GRANTS IN PART AND DENIES IN PART KEMP'S MOTION TO DISMISS HSB'S COUNTERCLAIMS

#### *A. HSB States a Claim for Legal Malpractice*[3]

---

[2]The Declaratory Judgment Act is a procedural device; it creates no substantive rights and requires the existence of a justiciable controversy. *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir.1984); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). "Thus, the Act provides no relief unless there is a justiciable controversy between the parties." *Kazmi v. BAC Home Loans Servicing, L.P.*, 2012 WL 629440, at *15. As the Fifth Circuit has explained:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.
>
> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir.2003) (citations and quotations omitted). Federal Courts have broad discretion to grant or refuse a request for declaratory judgment. *Kazmi*, 2012 WL 629440, at *14 (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)).

[3]Kemp contends that each of HSB's claims is time-barred. *See* Pl.'s Mot. Dismiss Countercl. 3-6 [18]. However, the Court notes that HSB was careful to exclude dates from its allegations. Thus, the face of HSB's counterclaim document does not reveal the date upon which each alleged injury accrued, and accordingly, the Court cannot consider Kemp's

In Texas, the elements of a negligence claim are (1) a legal duty on the part of the defendant, (2) breach of that duty, and (3) damages proximately resulting from that breach. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003) (citing Texas authorities). To state a claim of negligence by an attorney, a plaintiff must also allege facts showing that the attorney's act or omission caused the plaintiff's injury. *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 117 (Tex. 2004). Negligence by an attorney is merely a claim for legal malpractice by another name, and so the Court will refer to Kemp's negligence claim as a claim for legal malpractice. *See, e.g.*, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995) (referring to professional negligence and legal malpractice synonymously); *Burnap v. Linnartz*, 914 S.W.2d 142, 148 (Tex. App. – San Antonio 1995, writ denied) ("Separating a claim for legal malpractice into claims for negligence, breach of contract, fraud, or other names does not change the underlying fact that the claims are based on professional negligence . . . .").

Here, HSB has alleged (a) that Kemp was its attorney in a separate suit (the "Texas Pari-Mutual Matter") and therefore owed it a duty to exercise reasonably prudent and

---

limitations arguments. *See* 5A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 1308, at 340 (3d ed. 2004) ("Since Rule 9(f) makes allegations of time material, . . . the defense of the statute may be raised on a motion to dismiss under Rule 12(b)(6) *when it is apparent from the face of the complaint* that the time limit for bringing the claim for relief has passed." (emphasis added)); *see also* 5 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 1226, at 306 (3d ed. 2004) (noting that to avoid dismissal based on a self-pled "built-in defense," "the pleader must be particularly careful not to plead dates if they might be read to indicate that the statute of limitations has run on the claim."). Kemp may raise his statute of limitations defense by motion for summary judgment or at trial.

ordinary care, Def.'s Countercls. 16 [10], (b) that Kemp breached that duty by "failing to handle the Texas Pari-Mutual Matter properly and correctly" and failing to adequately notify HSB of a counterclaim against its insured and the risks of the same, *id.* at 16-17, (c) that Kemp's handling of the case and his failure to inform HSB of the counterclaim or the risks of it harmed HSB because it lost the suit and the court entered judgment on the counterclaim against its insured, *id.*, and (d) that Kemp's actions damaged HSB by hurting its relationship with its insured and causing HSB "to unnecessarily incur substantial attorneys' fees and expenses dealing with the counterclaim entered against HSB's insured and dealing with Plaintiff's legal malpractice," *id.* at 16. Thus, HSB has stated a legal malpractice claim, and the Court declines to dismiss it.

### *B. The Court Dismisses HSB's Breach of Implied Warranty Claim*

In Texas, a client cannot sue an attorney for breach of an implied warranty. *See Murphy v. Campbell*, 964 S.W.2d 265, 268-69 (Tex. 1997) ("[Defendant] argues that Texas law does not recognize a cause of action for breach of an implied warranty of professional services. We agree."); *see also Garland Dollar Gen. LLC v. Reeves Dev., LLC*, 2010 WL 4259818, at *7 (N.D. Tex. 2010) (Fitzwater, C.J.) (holding same and explaining that the *Murphy* Court reasoned that there was no need for a remedy based on implied warranty where a plaintiff can obtain full redress in another action – like negligence or breach of contract). Accordingly, the Court dismisses HSB's breach of implied warranty claim.[4]

---

[4]Even if Texas law did recognize a breach of implied warranty claim against an attorney, the Court would dismiss the claim for the reasons articulated in Part C.

### *C. The Court Dismisses HSB's Remaining Claims*

In Texas, a plaintiff may not divide or fracture her legal malpractice claims into additional causes of action. *Isaacs v. Schleier*, 356 S.W.3d 548, 556 (Tex. App. – Texarkana 2011, pet. denied) (collecting cases); *Smith v. Heard*, 980 S.W.2d 693, 697 (Tex. App. – San Antonio 1998, pet. denied). Of course, "'[w]hen the facts of a case support claims against a lawyer for something other than professional negligence,' the claims may be allowed." *Id.* (quoting *Murphy v. Gruber*, 241 S.W.3d 689, 695 (Tex. App. – Dall. 2007, pet. denied)). But, "courts do not allow a case arising out of an attorney's alleged bad legal advice or improper representation to be split out into separate claims for negligence, breach of contract, or fraud, because the 'real issue remains one of whether the professional exercised the degree of care, skill, and diligence that professionals of ordinary skill and knowledge commonly possess and exercise.'" *Id.* (quoting *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App. – Fort Worth 2003, pet. denied)). Here, all HSB's counterclaims arise out of Kemp's representation in the Texas Pari-Mutual Matter, and the alleged facts do not support claims arising from any other source. Thus, the Court dismisses HSB's remaining counterclaims.

### CONCLUSION

The Court dismisses Kemp's claims against HSB without prejudice, and it grants him leave to replead within thirty (30) days of the date of this Order. The Court dismisses HSB's

counterclaims against Kemp, except for HSB's negligence claim, which the Court styles as a legal malpractice claim.[5]

Signed June 12, 2012.

                                          David C. Godbey
                                    United States District Judge

---

[5]The Court does not grant HSB leave to replead because it cannot raise anything other than a legal malpractice claim based on Kemp's representation in the Texas Pari-Mutual Matter.

ORDER – PAGE 11